IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RICHARD J. ORNDORFF,

        Plaintiff,

vs.                                               Civil Case No. 08-4107-SAC

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

## MEMORANDUM AND ORDER

The plaintiff seeks judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income benefits. This matter was referred to United States Magistrate Gerald B. Cohn, who recommended that judgment be entered in favor of Mr. Orndorff. (Dk. 24). The Commissioner filed objections to the Report and Recommendation, and Mr. Orndorff filed no response to them.

This court's standard of review for a report and recommendation of a magistrate judge is established by statute:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). *See* Fed.R.Civ.Pro. 72(b)(3).

The standard of judicial review for cases involving the denial of social security benefits is narrow. 42 U.S.C. § 405(g) provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."

> "We review the [Commissioner's] decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir.2006) (quotation omitted). "Because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, but we neither reweigh the evidence nor substitute our discretion for that of the Commissioner." *Id.* (alteration and quotations omitted). With regard to credibility determinations, "[w]e have emphasized that [they] are particularly the province of the finder of fact, and should not be upset if supported by substantial evidence." *White v. Barnhart*, 287 F.3d 903, 909 (10th Cir. 2001) (quotation omitted).

*Byington v. Astrue,* 299 Fed.Appx. 782, 783, 2008 WL 4866622, 1(10th Cir. 2008).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (internal quotation marks and citation omitted). "A decision is not based on substantial evidence if it is overwhelmed by

other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). If, after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the Commissioner's findings, the court must affirm the Commissioner's decision. *Lax,* 489 F.3d at 1084. Accordingly, in reviewing the record in this case, the court must determine whether substantial evidence on the record as a whole supports the ALJ's decision that Mr. Orndorff is not disabled.

In order to obtain supplemental security income payments, Mr. Orndorff must establish that he is "disabled," *i.e.*, that he is unable to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. *See* 20 C.F.R. §§ 416.901, 416.905(a).

After holding a hearing and applying the five-step sequential evaluation process set forth in 20 C.F.R. § 416.920, the ALJ determined first, that Mr. Orndorff was not engaging in any substantial gainful activity. Second, he suffered severe impairments from degenerative disc disease

3

with history of pain, obesity, asthma, and depressive disorder with general anxiety. Other problems, including seizures, sleep apnea, and diabetes were considered in the combination of impairments but were found to be not severe. Third, none of Mr. Orndorff's impairments met or equaled any impairment in the listing of impairments. The ALJ then assessed the medical and other evidence. Discounting Mr. Orndorff's credibility regarding the extent of the effects of his impairments, the ALJ determined fourth, that Mr. Orndorff retained the residual functional capacity (RFC) to lift and/or carry 10 pounds occasionally and 10 frequently, sit 6 hours in an 8 hour workday, and stand or walk 6 hours in an 8 hour workday. He is not to climb ladders, ropes or scaffolds, but can occasionally climb stairs and ramps, balance, and stoop. He is not to work at unprotected heights or around dangerous, moving machinery, kneel, crouch, crawl, or be exposed to fumes, odors, or dust. Secondary to his mental condition, Mr. Orndorff is limited to simple and repetitive job tasks, with only occasional contact with co-workers, no contact with the general public except incidental contact, and no exposure to crowds of people. The ALJ determined that Mr. Orndorff was not able to return to his past relevant work. Fifth, based on testimony by a vocational expert (VE), the ALJ determined Mr. Orndorff

could perform other work that exists in significant numbers in the national economy. Consequently, the ALJ decided that Mr. Orndorff was not disabled and not entitled to benefits. The Appeals Council denied review, making the ALJ's decision the final agency decision. *Doyal v. Barnhart*, 331 F.3d 758, 759 (10th Cir. 2003).

The Commissioner objects to the Report and Recommendation's findings about the opinions of the plaintiff's therapist, Sandra Lawrence. Dr. Lawrence is a licensed psychologist who saw the plaintiff for bi-weekly individual therapy sessions from June of 2005 to September of 2007. Despite meeting regularly with the plaintiff for over two years, her entire opinion, dated September of 2007, consists of the following conclusory paragraph:

> Richard Orndorff has been a client at Bert Nash since December 2004 and I have personally worked with him since June 2005. He is being treated for diagnosis of Panic Disorder with Agoraphobia and Major Depression. While he has made some progress in terms of his overall mood, his anxiety symptoms continue to be debilitating. As a result of recurrent, severe panic attacks, he remains almost completely isolated from others, and avoids most situations outside his home. In addition, his anxiety results in significant impairment in concentration. Unfortunately, pharmacological treatment of Richard's mental health symptoms has been challenging due to his serious medical problems. He is not currently taking any medications prescribed by providers at Bert Nash, primarily due to his concerns about potential side effects and interactions with his anticonvulsants. Richard has been completely

5

disabled for employment purposes for the past 3 years and it is likely that his disabling symptoms will continue for the remainder of his life.

Dk. 11, p. 627.

The ALJ gave good reasons for the weight she ultimately assigned to Dr. Lawrence's opinion, finding:

> Overall, the undersigned finds that the September 2007 opinion of Dr. Lawrence is wholly unsupported by the totality of the medical evidence, including her own treatment records (Exhibit B-10F), and it is inconsistent with claimant's demonstrated level of functioning during the period in question. Moreover, her opinion renders an opinion on the ultimate issue of disability and inability to engage in gainful activity under the Social Security Act, all of which is reserved to the Commissioner (See 20 CFR § 416.927(e)). Accordingly, the above opinion of Dr. Lawrence is being accorded little weight.

Dk. 11, Att. 1, p. 24.

The Magistrate Judge found that the ALJ erred in so finding because: 1) Dr. Lawrence's treatment notes supported Dr. Lawrence's opinion; 2) no medical evidence disputed that opinion; and, 3) Dr. Eklund-Johnson found in a neuropsychological evaluation of the plaintiff on June 11, 2007, that the plaintiff "appears to be experiencing significant mood and anxiety problems." Dk. 24, p. 13. For those reasons, the Magistrate Judge found that "substantial evidence does not support the ALJ's assertion that the opinions of Dr. Lawrence are unsupported by the totality of the medical evidence, including her own treatment notes." *Id.*

6

Having reviewed the record, the court finds that the ALJ properly considered all of the evidence relating to plaintiff's impairments and that her finding of nondisability should not be disturbed. This evidence includes but is not limited to the following: the claimant lacked credibility as to the extent of the effects of his impairments and had poor motivation to work; Dr. Lawrence improperly opined on the ultimate issue reserved for the Commissioner; Dr. Lawrence's notes before September of 2007 make no mention of plaintiff's inability to work; Dr. Lawrence's notes mention anxiety or isolation but do not reveal that those impairments are severe; Dr. Lawrence's notes do not reflect any diagnosis whatsoever for the plaintiff; Dr. Lawrence's notes in 2007 repeatedly suggest that the plaintiff increase his involvement in community activities and volunteer work; the plaintiff had never been admitted to an in-patient psychiatric facility; the plaintiff was actively working with a supported employment specialist from June 21, 2006 to at least July 10, 2007 for the purpose of securing employment and notes never reflect the plaintiff's or his employment specialist's impression that the plaintiff was disabled from working; the plaintiff had worked in 1999, 2000, 2001, 2002, and 2004; an employer report contradicts the plaintiff's allegation that he had memory and concentration problems at

work; that the plaintiff's activities included reading, watching television, cooking, doing laundry, cleaning, playing on a computer at a computer center outside his house, going to the library and church, grocery shopping with his uncle, and going to his friend's house; the plaintiff admits that he is able to check his blood sugar levels, count change, use a checkbook, and handle a savings account; the plaintiff has a valid driver's license and can take the bus; the plaintiff uses coping devices to remind himself of meetings and appointments by writing them on his calendar or writing a note or putting them in his phone, and states that he needs no reminders; the plaintiff leaves the house alone and does not need anyone to accompany him; the plaintiff attended classes at Johnson County Community College and received an A and two B's without any accommodation for his impairments, and later he discontinued his on-line classes; the plaintiff chose not to take the medicine prescribed for his depression or anxiety because he speculated it might cause side effects; the plaintiff has not had a seizure since October of 2005, his diabetes is controlled by medicine, his asthma is controlled by an inhaler, and his sleep apnea is controlled by a C-PAP machine; Dr. Eklund-Johnson found in a neuropsychological evaluation that the plaintiff substantially "over-

reported" his pathology, invalidating his personality test results; medical records doe not support the purported diagnosis of Panic Disorder with Agoraphobia and Major Depression; notes do not reflect "recurrent, severe panic attacks" or indicate significant impairment in concentration; Dr. Lawrence failed to establish any basis of knowledge for her statement that the plaintiff "has been completely disabled for employment purposes for the past 3 years and it is likely that his disabling symptoms will continue for the remainder of his life," particularly since she had treated the plaintiff for less than three years; and, a Psychiatric Review Technique Form dated December 27, 2004, approximately three years earlier, opined that the plaintiff did not have a severe mental impairment.

Evidence contrary to the ALJ's decision is far from overwhelming, and includes a scant record of medical or mental impairment by the claimant coupled with a conclusory and speculative opinion by a treating source. Dr. Lawrence's opinion is neither "well-supported by medically acceptable clinical and laboratory diagnostic techniques;" nor (2) "consistent with other substantial evidence in the record." *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003). Because the ALJ's decision is supported by substantial evidence, it shall be affirmed.

9

IT IS THEREFORE ORDERED that the Commissioner's objections to the Report and Recommendation are sustained, that the court declines to adopt the report and recommendation, and that the Commissioner's decision denying benefits to the plaintiff is affirmed.

Dated this 14th day of October, 2009, Topeka, Kansas.

s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge